GARRISON, Judge.
Albert Joseph Cazalas died while domiciled in Orleans Parish on February 8, 1981. At the time of his death, he was survived only by his wife, Mary Williams Cazalas, and by his father, Francis Joseph Cazalas. Albert Cazalas left a properly executed olographic will dated May 8, 1964 in which he left his entire estate, consisting of both community and separate property, to his wife, Mary Williams Cazalas. This will was probated and Mrs. Cazalas was appointed administratrix of her late husband’s estate on February 19, 1981. On this same day, Mary Cazalas filed a Descriptive List of Assets and Liabilities of the estate in which the estate was shown to be solvent.
Upon Albert Cazalas’ death, Francis Ca-zalas, became entitled as a forced heir to one-third of his son’s separate property according to Civil Code Article 1494 as amended in 1979.[1] Shortly after Albert Cazalas’ death, attorneys for Francis Caza-las contacted Mrs. Cazalas and her attorneys and requested that Francis Cazalas be recognized as a forced heir of his son’s estate and that he be put into possession of his portion of the estate. This request was denied by Mrs. Cazalas. On August 6, 1982, Francis Cazalas filed a suit for reduction of an excessive donation mortis causa against Mary Cazalas. In this suit, Caza-las prayed that he be placed in possession of an undivided one-third interest of all of the property belonging to the decedent’s estate. This matter was set to be heard on August 26, 1982; however, Francis Cazalas died on August 7, 1982.
Francis Cazalas was not survived by any forced heirs but his properly executed statutory will named his sister, Julia C. Griot, as residuary legatee of his estate. Ms. Griot was appointed Dative Testamentary Executrix of Francis Cazalas’ estate. In her capacity as succession representative of the Estate of Francis Cazalas, she filed a rule against the Executrix of the Estate of Albert Cazalas to show cause why Francis Cazalas should not be recognized as a forced heir of his son’s estate and be placed in possession of his rightful portion and why Mary Cazalas should not be removed as Executrix of the Estate of Albert Caza-las for her failure to administer the estate according to law and to act as a prudent administrator. In response to this rule, Mrs. Cazalas filed a peremptory exception of no right or cause of action based on her position that Francis Cazalas’ action for reduction abated upon his death on August 7, 1982. Therefore, she urged the court to dismiss the actions filed on behalf of Francis Cazalas.
The trial court ruled that Francis Cazalas should be recognized as a forced heir of his son’s estate and denied the request to have Mary Cazalas removed as Executrix of the Estate of Albert Cazalas. The court also overruled Mary Cazalas’ exception of no right or cause of action. In recognizing the father as a forced heir, the trial court stipulated that he was only entitled to one-third of the decedent’s separate property according to Civil Code Article 1494 as amended in 1979.
On appeal, the appellant, Mary Cazalas, argues that:
1. the trial court erred in denying her exception of no right or cause of action because the reduction action filed by Francis Cazalas on August 6, 1982 was a strictly personal action which abated upon his death and, therefore, Ms. Griot lacked standing to assert this action.
2. the laws of forced heirship in Louisiana are unconstitutional in that they violate equal protection and substantive and procedural due process as guaranteed by *770 the 5th and 14th Amendments of the United States Constitution.
Appellant’s first argument involves the interpretation of Civil Code Article 1504 which states:
“On the death of the donor or testator, the reduction of the donation, whether inter vivos or mortis causa, can be sued for only by forced heirs, or by their heirs or assigns; neither the donees, legatees, nor creditors of the deceased can require that reduction nor avail themselves of it.”
Mrs. Cazalas interprets this article as stating that because Francis Cazalas filed his own action for reduction on August 6, 1982, his heir could not also assert this action after his death. In his reasons for judgment, the trial judge rejected Mrs. Ca-zalas’ reasoning and stated:
“The Court rejects the argument of Mary Cazalas that the heirs’ action abated upon the death of Francis J. Cazalas. The fact that Francis J. Cazalas exercised his own rights as a forced heir in no way precludes his heirs from continuing to assert Francis J. Cazalas’ rights as a forced heir and/or from asserting their own rights as heirs to a forced heir.”
Additionally, Ms. Griot clearly had standing to continue Francis Cazalas’ reduction action according to Code of Civil Procedure Article 685 which states:
“Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.”
Therefore, we find that Mrs. Cazalas’ argument is without merit and that the trial judge was correct in his ruling.
As for the appellant’s argument that forced heirship is unconstitutional, the United States Supreme Court case of Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977), states that:
“The orderly disposition of property at death requires an appropriate legal framework, the structuring of which is a matter particularly within the competence of the individual States. In exercising this responsibility, a State necessarily must enact laws governing both the procedure and substance of intestate succession. Absent infringement of a constitutional right, the federal courts have no role here, and, even when constitutional violations are alleged, those courts should accord substantial deference to a State’s statutory scheme of inheritance.”
Article 12, Section 5 of the Louisiana Constitution clearly states:
“Section 5. No law shall abolish forced heirship. The determination of forced heirs, the amount of the forced portion, and the grounds for disinherison shall be provided by law. Trusts may be authorized by law, and a forced portion may be placed in trust.”
The Louisiana legislature modified the forced heirship laws in the repeal of Article 1494 which designated ascendants as forced heirs. However, the legislature clearly specified that this repeal would only be effective for the estates of persons dying after December 31, 1981 and would not be applied retroactively.
For the reasons discussed above, we affirm the decision of the trial court. All costs are assessed to the appellant.
AFFIRMED.

. This article was later repealed and parents of children whose death occurs after December 31, 1981 are no longer forced heirs. However, Albert Cazalas died on February 8, 1981, eleven months prior to the effective date of this repeal.